UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

JUAN CARLOS GIL,

    Plaintiff,

v.

JOSE LANDMAN, VICKY LANDMAN
LANDAU, SANDRA LANDMAN
LAPICUC, and MYA ENTERPRISE
CORPORATION D/B/A DONA
PAULINA I,

    Defendants.
_____/

## COMPLAINT

Plaintiff, JUAN CARLOS GIL, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues JOSE LANDMAN, VICKY LANDMAN LANDAU, SANDRA LANDMAN LAPICUC, and MYA ENTERPRISE CORPORATION D/B/A DONA PAULINA I, (hereinafter "Defendants"), and as grounds alleges:

JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, *et seq.*, (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq.*

4. Plaintiff, JUAN CARLOS GIL, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris.*

5. At all times material, Defendants, JOSE LANDMAN, VICKY LANDMAN LANDAU and SANDRA LANDMAN LAPICUC, owned and operated a commercial building located at 8235 SW 40th Street, Miami, FL 33155 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.

6. At all times material, Defendant, MYA ENTERPRISE CORPORATION D/B/A DONA PAULINA I, owned and operated a commercial restaurant located 8263 SW 40th Street, Miami, FL 33155[1] (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. Defendant, MYA ENTERPRISE CORPORATION D/B/A DONA PAULINA I, holds itself out to the public as "Dona Paulina."

7. At all times material, Defendant, MYA ENTERPRISE CORPORATION D/B/A DONA PAULINA I, was and is a Florida Profit Corporation, organized under the laws of the State of Florida, with its principal place of business in Miami, Florida.

8. Venue is properly located in the Southern District of Florida because Defendants' Commercial Property is located in Miami-Dade County, Florida, Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

---

[1] This address is located within the commercial shopping center and place of public accommodation at 8263 SW 40th Street Miami, Florida 33155, that is owned and operated by landlord Defendants, JOSE LANDMAN, VICKY LANDMAN LANDAU and SANDRA LANDMAN LAPICUC.

<u>FACTUAL ALLEGATIONS</u>

9. Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

10. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' businesses and properties.

11. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

12. Plaintiff, JUAN CARLOS GIL, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, JUAN CARLOS GIL, is substantially limited in major life activities due to his impairment and requires the use of a wheelchair to ambulate.

13. Defendants, JOSE LANDMAN, VICKY LANDMAN LANDAU, SANDRA LANDMAN LAPICUC, own, operate and/or oversee the Commercial Property, its general parking lot and parking spots.

14. The subject Commercial Property is open to the public and is located in Miami, Florida, in Miami-Dade County.

15. The individual Plaintiff visits the Commercial Property and business located within the Commercial Property regularly, to include visits on or about March 12, 2022 and June 13, 2022, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property and business located therein. He often visits the Commercial

Property and business located within the Commercial Property in order to avail himself of the goods and services offered there, and because it is approximately six (6) miles from his residence and is near other businesses he frequents as a patron. He plans to return to the Commercial Property within two (2) months of filing this Complaint, specifically on or prior to September 11, 2022.

16. Plaintiff resides nearby in the same County and state as the Commercial Property and the business located within the Commercial Property, has regularly frequented the Defendants' Commercial Property and the business located within the Commercial Property for the intended purposes because of the proximity to his residence and other businesses that he frequents as a patron and intends to return to the Commercial Property within two (2) months of filing this Complaint, specifically on or prior to September 11, 2022.

17. The Plaintiff found the Commercial Property, and the business located within the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property, and business located within the Commercial Property and wishes to continue his patronage and use of each of the premises.

18. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and businesses located within the Commercial Property. The barriers to access at the Commercial Property, and the business located within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property, and businesses located within the Commercial Property, and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, JUAN CARLOS GIL, and others similarly

situated.

19. Defendants, JOSE LANDMAN, VICKY LANDMAN LANDAU, SANDRA LANDMAN LAPICUC, and MYA ENTERPRISE CORPORATION D/B/A DONA PAULINA I, own and/or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants JOSE LANDMAN, VICKY LANDMAN LANDAU, SANDRA LANDMAN LAPICUC, and MYA ENTERPRISE CORPORATION D/B/A DONA PAULINA I, are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, JOSE LANDMAN, VICKY LANDMAN LANDAU, SANDRA LANDMAN LAPICUC, and MYA ENTERPRISE CORPORATION D/B/A DONA PAULINA I, own and operate are the Commercial Property and Business therein located at 8235-8263 SW 40th Street Miami, Florida 33155.

20. Defendants were previously sued by a different plaintiff for similar, if not the same, ADA violation and a Consent Decree was entered that expired in early 2016. Given the similar violations still present as of the date of filing of this Complaint, it appears that these ADA violations were not addressed properly, or at all.

21. Plaintiff, JUAN CARLOS GIL, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the business located within the Commercial Property, including but not necessarily limited to the allegations in Counts I through II of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located therein, not only

to avail himself of the goods and services available at the Commercial Property, and business located within the Commercial Property, but to assure himself that the Commercial Property and business located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and business located within the Commercial Property without fear of discrimination.

22.   Defendants, JOSE LANDMAN, VICKY LANDMAN LANDAU, and SANDRA LANDMAN LAPICUC, as landlords and owners of the Commercial Property, are responsible for all ADA violations listed in this complaint. Defendant, MYA ENTERPRISE CORPORATION D/B/A DONA PAULINA I, as lessee of the Commercial Property Business is responsible for all ADA violations listed in Count II.

23.   Plaintiff, JUAN CARLOS GIL, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property and businesses located within the Commercial Property, but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and businesses within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses within the Commercial Property, not only to avail himself of the goods and services available at the Commercial Property and businesses located within the Commercial Property, but to assure himself that the Commercial Property, and businesses located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

24. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

**COUNT I - ADA VIOLATIONS AS TO
DEFENDANTS, JOSE LANDMAN, VICKY LANDMAN LANDAU,
and SANDRA LANDMAN LAPICUC – COMMON AREAS**

25. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 24 above as though fully set forth herein.

26. Defendants, JOSE LANDMAN, VICKY LANDMAN LANDAU, and SANDRA LANDMAN LAPICUC, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. Parking and Exterior Accessible Route

i. Accessible spaces lack clear and level aisles due to a cross slope of >2%, endangering Plaintiff when unloading and violating the ADAAG and ADAS Section 502.

ii. Plaintiff was unable to find properly identified accessible spaces, violating ADAAG Section 4.6 and ADAS Section 502.

iii. Accessible spaces are not located on firm, stable and level slip-resistant surfaces, preventing safe use by Plaintiff and in violation of the ADAAG and 2010 ADAS Section 502.

B. <u>Entrance Access and Path of Travel</u>

i. There is no compliant route from transit, sidewalk, and parking areas for Plaintiff to access the Commercial Property, which violates the requirements in Sections 4.1.2 and 4.3 of the ADAAG and 2010 ADAS Sections 402, 403, 405 and 406.

ii. Accessible routes at the Commercial Property have cross slopes >2%, creating hazardous conditions for Plaintiff in violation of ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

iii. Path of travel connecting areas of the Commercial Property are <36" or 32" for < 2' below required width, violating ADAAG Section 4.3 and Section 403 of the ADAS.

**COUNT II - ADA VIOLATIONS AS TO DEFENDANTS, JOSE LANDMAN, VICKY LANDMAN LANDAU, SANDRA LANDMAN LAPICUC and MYA ENTERPRISE CORPORATION D/B/A DONA PAULINA I – INTERIOR**

27. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 24 above as though fully set forth herein.

28. Defendants, JOSE LANDMAN, VICKY LANDMAN LANDAU, SANDRA LANDMAN LAPICUC and MYA ENTERPRISE CORPORATION D/B/A DONA PAULINA I, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. <u>Access to Goods and Services</u>

i. Indoor tables' knee and toe space lack the required clearance, preventing use by Plaintiff.

  ii.      Outdoor table lacks required clearance, preventing use by Plaintiff.

  B.  <u>Restrooms</u>

i.      Plaintiff unable to use mirror due to bottom-reflecting surface being mounted at a height >40" AFF, violating the ADAAG and 2010 ADAS.

ii.      Plaintiff is unable to reach dispenser controls due to controls being mounted at a height >48" AFF, which exceed limits in ADAAG and 2010 ADAS Sec. 308.

iii.     Stall door is not self-closing and/or lacks proper hardware, preventing use by Plaintiff, violating 2010 ADAS Sec. 604.

iv.     Grab bars do not comply with the ADAAG and 2010 ADAS Sections 604 and 609, creating a hazardous condition for Plaintiff.

v.      The baby changing table impedes the stall door from opening fully, violating the ADAAG and 2010 ADAS, preventing use by Plaintiff.

## RELIEF SOUGHT AND THE BASIS

29.      The discriminatory violations described in this Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, JUAN CARLOS GIL, from further ingress, use, and equal enjoyment of the Commercial Property and the business therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for

injunctive relief.

30. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' Commercial Property and the business within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan.

31. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

32. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

33. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

34. Notice to Defendants is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

35. Pursuant to 42 U.S.C. § 12188, the Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operates their business, located within the Commercial Property located in Miami-Dade County, the interiors, exterior areas, and the common exterior areas of the Commercial Property and hotel business to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure their violations of the ADA.

WHEREFORE, the Plaintiff, JUAN CARLOS GIL, respectfully requests that the Honorable Court issue (i) a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, was and is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: July 20, 2022

        **GARCIA-MENOCAL & PEREZ, P.L.**
        *Attorneys for Plaintiff*
        4937 S.W. 74th Court
        Miami, Florida 33155
        Telephone: (305) 553-3464
        Facsimile: (305) 553-3031
        Primary E-Mail: ajperez@lawgmp.com
        Secondary E-Mails: bvirues@lawgmp.com
         dperaza@lawgmp.com

By: ___/s/ Anthony J. Perez_____
      ANTHONY J. PEREZ
      Florida Bar No.: 535451
      BEVERLY VIRUES
      Florida Bar No.: 123713